```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
```
                                    FILED
                            IN CLERK'S OFFICE
                         U.S. DISTRICT COURT E.D.N.Y

                         ★  SEP 0 7 2010  ★

                            BROOKLYN OFFICE
```

x------------------------------------------------------------x

DOMINIC MAGLIONE,

        Plaintiff,

-against-

RAYMOND KELLY, as Commissioner
of the New York City Police Department,

        Defendant.

x------------------------------------------------------------x

**CV 10 - 4080**
**COMPLAINT**

**WEINSTEIN, J.**

**REYES, M.J**

    Plaintiff, Dominic Maglione, by his attorneys, Paul E. Kerson, Esq. and John F. Duane, Esq., of the law offices of Leavitt, Kerson & Duane, Esqs., as and for his Complaint against the defendant, states as follows:

## PARTIES

    1. At all times hereinafter mentioned, plaintiff Dominic Maglione was a Police Officer of the City of New York employed by Raymond Kelly, as Commissioner of the New York City Police Department.

    2. Plaintiff was assigned to the 90 Precinct of the New York City Police Department in the Borough of Brooklyn, County of Kings, City and State of New York.

    3. At all times hereinafter mentioned, defendant Raymond Kelly was and is the Commissioner of the New York City Police Department and the employer of the plaintiff.

1

## JURISDICTION

4. Plaintiff brings this action against defendant to redress the deprivation of rights secured to him by the First Amendment to the United States Constitution, 42 U.S.C. Sections 1983 and 1988 and the Common Law.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 in that federal questions are involved in this case.

6. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(a)(2) in that a substantial part of the events of this case took place in the 90 Police Precinct in Brooklyn, NY within the Eastern District of New York.

7. Plaintiff invokes the supplemental jurisdiction of this Court over the plaintiff's State Law claims against defendant for Common Law violations pursuant to 28 U.S.C. Section 1367 as the Common Law claims form part of the same case or controvery.

## FACTS

8. Plaintiff Dominic Maglione was employed as a Lieutenant in the New York City Police Department by defendant Raymond Kelly, as Commissioner of the New York City Police Department.

9. Plaintiff was assigned as a Desk Officer in the 90 Precinct in the Borough of Brooklyn, County of Kings, City and State of New York.

2

10. On or about May 13, 2009, plaintiff Dominic Maglione was wrongfully discharged from his employment at the New York City Police Department by the defendant Commissioner Raymond Kelly of the New York City Police Department.

11. The aforesaid wrongful discharge came in the guise of a forced retirement.

12. At the time of this forced retirement on May 13, 2009, plaintiff had 22 years and 10 months of service with the New York City Police Department.

13. In his last assignment, plaintiff had been promoted to the rank of Lieutenant and assigned by the defendant as the Desk Officer in the 90 Precinct in the Borough of Brooklyn, County of Kings, City and State of New York.

14. Plaintiff has always received good reviews as a Police Officer and Lieutenant for the New York City Police Department.

15. Plaintiff Dominic Maglione is a religious Christian. Plaintiff Dominic Maglione regularly prayed and fasted. Plaintiff Dominic Maglione was and is a member of two Churches, the Christ Tabernacle, located at 64-34 Myrtle Ave., Glendale, Queens County, NY 11385 and the All Nations Apostolic Tabernacle, located at 89-22 Parsons Blvd., Jamaica, Queens County, NY 11435.

16. Because of plaintiff's "excessive" religious practices, defendant removed plaintiff's badge and gun. This decision by defendant made it very difficult for plaintiff to function as a Police Officer in the New York City Police Department.

17. Accordingly, plaintiff filed a New York Civil Practice Law and Rules (CPLR) Article 78 Notice of Petition, Petition and exhibits in the Supreme Court of the State of New York, County of New York under Index No. 102344/09 in that Court on or about February 19, 2009. That Petition was denied by Justice Nicholas Figueroa in a Decision and Judgment dated October 5, 2009 upon the grounds that "the instant Petition was untimely." This Article 78 Petition requested judicial review of defendant's decision to confiscate plaintiff's badge and gun.

18. In response to that Article 78 proceeding, defendant wrongfully terminated plaintiff from his employment at the New York City Police Department on or about May 13, 2009, after plaintiff filed his first CPLR Article 78 proceeding in the New York State Supreme Court for New York County.

19. Based on the May 13, 2009 wrongful termination, plaintiff filed a second CPLR Article 78 Petition in the Supreme Court of the State of New York, County of New York, under Index No. 107537/2009. This Petition was assigned to Justice Joan A. Madden. Because of defendant's intentional infliction of emotional distress upon plaintiff, plaintiff was confined to the hospital and was thus compelled to withdraw his second Article 78 Petition assigned to Justice Madden, as he could not participate in preparing responsive affidavits and in gathering additional evidence.

20. Plaintiff greatly enjoyed his work as a New York City Police Lieutenant. Plaintiff was and is extremely reluctant to accept the forced retirement and only wishes to keep working serving the people of the City of New York.

21. Plaintiff recovered and was discharged from the hospital, and now seeks redress in this Court for the ruination of his police career by this defendant.

4

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS

22. Plaintiff, repeats, realleges and reiterates paragraphs 1-21 as if more fully set forth herein.

23. Plaintiff, a religious Christian, had a right to pray regularly while on duty and off duty as a New York City Police Officer and New York City Police Lieutenant at the 90 Precinct in Brooklyn, NY, and at any and all other assignments. Plaintiff's right to pray regularly both on and off the job was and is guaranteed by the First Amendment to the United States Constitution, and by Article 1, Section 3 of the New York State Constitution.

24. Defendant's action in removing plaintiff's badge and gun, and in terminating plaintiff from his employment as a New York City Police Lieutenant for "excessive" prayer on the job, constitutes a deprivation of plaintiff's constitutional right to free exercise of religion pursuant to 42 U.S.C. Section 1983. Defendant has violated plaintiff's constitutional rights under color of state law, by wrongfully removing plaintiff's badge and gun, and wrongfully terminating plaintiff's employment under color of state law.

25. Pursuant to the aforesaid civil rights violations, plaintiff is entitled to his attorney's fees and expert witness fees, costs and disbursements pursuant to 42 U.S.C. Section 1988.

26. Defendant's unconstitutional and unlawful conduct as set forth above caused plaintiff great pain and suffering, both mental and physical, entitling plaintiff to compensatory and exemplary damages to be set by this Court.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff repeats, realleges and reiterates paragraphs 1-26 as if more fully set forth herein.

28. The defendant intentionally took away plaintiff's badge and gun for allegedly "excessive" prayer on the job, causing great embarrassment and emotional distress to plaintiff in front of his Police Department colleagues. When plaintiff sought State Court judicial review of defendant's unconstitutional and unlawful actions, defendant wrongfully terminated plaintiff from plaintiff's employment. Defendant's intentional firing and forced retirement of plaintiff caused plaintiff such extreme emotional distress that plaintiff was confined to the hospital, and was thus unable to pursue his State Court remedy. Said misconduct by defendant entitled plaintiff to compensatory and exemplary damages in an amount to be set by this Court.

## JURY DEMAND

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure (FRCP), plaintiff demands a trial by jury.

WHEREFORE, plaintiff requests the following relief:

(a) For an Order of this Court directing defendant to account for all wages, benefits and increments which plaintiff would have received from the date of plaintiff's unlawful discharge from employment with defendant to the date of the Order in this action, and

(b) For an Order of this Court directing defendant to compensate plaintiff for all damages suffered by plaintiff as a result of defendant's removal of plaintiff's badge and gun and unlawful termination from employment of plaintiff, for reinstatement of plaintiff to plaintiff's previous position as a Lieutenant in the New York City Police Department, with all benefits and seniority rights, and

(c) For Ten Million Dollars ($10,000,000) for compensatory damages for each and every injury sustained by plaintiff that was caused by the intentional or negligent acts of the defendant, and

(d) For Ten Million Dollars ($10,000,000) for exemplary damages sustained by plaintiff that were caused by the intentional and/or negligent acts of the defendant, and

(e) For the costs of this action, including reasonable attorney's fees, expert witness fees and the costs of the plaintiff, and

(f) For such other and further relief as the Court may deem appropriate.

PAUL E. KERSON (PEK-8789)
JOHN F. DUANE (JFD-3755)
Leavitt, Kerson & Duane
Attorneys for Plaintiff
228 E. 45th St., 17th Floor
New York, NY 10017
(212) 973-9339

Dated: August 11, 2010
New York, NY

7

## VERIFICATION

STATE OF NEW YORK     )

COUNTY OF QUEENS     ) ss.:

DOMINIC MAGLIONE, being duly sworn, states that he is the Plaintiff in this action and that foregoing Complaint is true to his own knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

_____
DOMINIC MAGLIONE

Sworn to before me this _11_ day of _Aug__, 2010.

_____
Notary Public

PAUL E. KERSON
Notary Public, State of New York
oYka No. 4643475
Qualified in Westchester County
Commission Expires _11-30-13_

8

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOMINIC MAGLIONE,

        Plaintiff,

-against-

RAYMOND KELLY, as Commissioner of the New York City Police Dept.,

        Defendant.

## SUMMONS AND COMPLAINT

**LEAVITT, KERSON & DUANE**
Attorneys for Plaintiff
228 E. 45th St., 17th Floor
New York, NY 10017
(212) 973-9339
Fax (212) 973-9494

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____  Signature: _____

        Print Signer's Name _____

*Service of a copy of the within*         *is hereby admitted.*

Dated:         ...........................................................
        Attorney(s) for

PLEASE TAKE NOTICE

☐ **Notice of Entry**   that the within is a (certified) true copy of a
entered in the office of the clerk of the within Court on

☐ **Notice of Settlement**   that an   of which the within is a true copy will be presented for settlement to the Hon.   one of the Judges   of the within named Court, at   on   , 20   at 9:30 a.m.

        LEAVITT, KERSON & DUANE
        Attorneys for
        228 E. 45th St., 17th Floor
        New York, NY 10017
        (212) 973-9339

To: